DECISION
Plaintiff appeals Defendant's Amnesty Application denial for tax years 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007. The parties submitted their arguments in writing and the matter is ready for decision.
 I. STATEMENT OF FACTS
The parties agree that on November 18, 2009, Plaintiff filed an Oregon Tax Amnesty Application. (Def's Ex A-1.) That application stated that "[a]ll returns must be filed by January 19, 2010." (Id.) On his signed application, Plaintiff checked boxes for tax years 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2007, stating that he was applying for amnesty for all those tax years. (Id.) On December 21, 2009, Defendant notified Plaintiff that his amnesty application was received and accepted. (Def's Ex B at 1.) Defendant wrote:
 "By accepting amnesty, you agree to these conditions:
 "* * * *
 "3. You will file/amend all required returns and pay all required taxes.
 "* * * *
 "When you fulfill your agreement and pay all tax and 50 percent of the interest for the amnesty tax year(s) or tax period(s), we'll waive the full penalty amount and 50 percent of the interest. *Page 2 
 "If you don't file a tax return for every year that qualified for amnesty, we may add a 25-percent penalty to those years' tax debt after the amnesty period."
(Id.)
Prior to January 19, 2010, Plaintiff filed Oregon state income tax returns for tax years 1999, 2000, 2001 and 2002. (Ptf s Compl at 1.) Plaintiff did not file Oregon state income tax returns for tax years 2003, 2004, 2005, 2006, or 2007 before January 19, 2010.
On May 7, 2010, Defendant wrote to Plaintiff, stating that his amnesty application was rejected. Defendant stated that it did not receive Plaintiffs tax returns by January 19, 2010. (Ptfs Compl at 2.)
Plaintiff alleges that Defendant should accept his amnesty application for the tax years he filed Oregon state income tax returns, specifically 1999, 2000, 2001, and 2002. He argues that "Senate Bill 880 in Section 2(1) uses the word `all' when it really means `any.' Because no taxpayer would meet all the requirements in Section 2(1)(a), (A) through (E). Clearly they meant to use the word `any' and not the word `all.' * * * Could it be that the Legislature really meant that the taxpayer had to meet all of these requirements and not just some?" (Ptf s Argument at 2.)
In response, Defendant states:
 "Therefore, because the law clearly states the requirements for participation; because the department clearly stated in the amnesty application as well as in multiple letters to the taxpayer what those requirements were; and because there was no exception to these requirement written into the law, the defendant requires the court rule in favor of the defendant and uphold the tax amnesty program rejection for all tax years.
(Def s Resp to Ptf s Argument at 4.) *Page 3 
 II. ANALYSIS
Oregon enacted a tax amnesty program, encouraging taxpayers who had failed in prior years to file Oregon tax income tax returns to do so. The parties agree that the applicable law is found in Section 2(1) of Senate Bill 880:
 "A taxpayer who meets all the following requirements during the period described in section 1 (2) of this 2009 ACT may participate in the tax amnesty program:
 "(a) The taxpayer was required to:
 "(A) File a tax return under ORS 314, 316, 317, or 318 for a tax year that begins before January 1, 2008;
 "(B) Pay personal income tax imposed under ORS chapter 316 for a tax year or reporting period that begins before January 1, 2008:
 "* * * * *
 "(b) The taxpayer files a completed amnesty application with the department, signed under penalty of perjury, to participate in the tax amnesty program; and
 "(c) Within 60 days after the conclusion of the tax amnesty program, the taxpayer does all of the following:
 (A) Files a completed tax return or report for all tax years or reporting periods described in paragraph (a) of this subsection for which the taxpayer had not previously done so;"
(Emphasis added.)
"In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries (PGE), 317 Or 606, 610, 859 P2d 1143 (1993); *Page 4 
ORS 174.020.[1] The legislative intent is to be determined first from the text and context of the statute. PGE, 317 Or at 611;State v. Gaines, 346 Or 160, 171, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." PGE, 317 Or at 611. In the interpretation of a statute or rule, the court may not insert something that an administrative body has omitted. ORS 174.010.
In interpreting this law, Plaintiff encourages the court to change the word "all" to "any." "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE, 317 Or at 611, citing ORS 174.010. Unfortunately for Plaintiff, the court cannot ignore the law as written. Plaintiff's application stated that he was applying for tax years 1999 through 2007 and he agreed by signing that application to file completed tax returns for all tax years prior to January 1, 2008, no later than January 19, 2010. Plaintiff failed to "file a completed tax return or report for all tax years" beginning before January 1, 2008, and he "had not previously done so" within "60 days [January 19, 2010] after the conclusion of the tax amnesty program." SB 880, section 2(1). As a result of Plaintiff's failure to fulfill his obligations, Defendant denied Plaintiff's amnesty application. *Page 5 
 III. CONCLUSION
After careful consideration of the evidence, the court concludes that Plaintiff failed to fulfill the requirements to secure the amnesty he was seeking. Having failed to fulfill the requirements, Defendant properly denied his amnesty application. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on March 28, 2011. The Court filed and entered this documenton March 28, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.